UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA BAROTZ 2006-1 INSURANCE TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER BAROTZ, as Executor of the Estate of Martha Barotz,<br><br>    Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S NOTICE OF REMOVAL**
**WITH INCORPORATED MEMORANDUM OF LAW**

Defendant/Petitioner, Peter Barotz, in his capacity as Executor of the Estate of Martha Barotz, by and through his undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, 1446, and Fed. R. Civ. P. 81(c), respectfully petitions this Court for removal of the above-captioned action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, White Plains Division.  In support thereof, Defendant states as follows:

1. On March 10, 2020, Plaintiff, the Martha Barotz 2006-1 Insurance Trust ("Plaintiff"), filed a state court Summons styled *Martha Barotz 2006-1 Insurance Trust v. Peter Barotz, as Executor of the Estate of Martha Barotz.*, Index No. 53912/2020 in the Supreme Court for the State of New York, County of Westchester.  [Exhibit 1: Summons served on Peter Barotz].

2. Plaintiff did not file a complaint but indicates in the Summons that it intends to seek declaratory relief concerning the proceeds of a $5 million life insurance policy allegedly paid to Plaintiff.

3. Plaintiff served the Summons on Mr. Barotz on March 11, 2020. [Exhibit 2: Proof of Service].

4. Plaintiff is a resident of Delaware, and as a Delaware statutory trust is deemed a citizen of the State of Delaware. [Exhibit 3: Extract of Delaware Secretary of State].

5. Mr. Barotz is the Executor of the Estate of Martha Barotz, resides in Westchester County, New York, and is a citizen of New York. [Exhibit 1].

6. Defendant's Removal Petition has been filed within thirty days after receipt of the Summons and prior to receipt of any complaint in this action. [Exhibit 2].

7. Venue is proper in the White Plains Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Westchester County.

8. Pursuant to 28 U.S.C. §1446 (a), copies of other documents filed on the docket in the state court action and the docket sheet are attached hereto as Exhibit 4.

9. Defendant has filed the removal fee contemporaneously with the filing of this Notice of Removal.

10. Pursuant to 28 U.S.C. § 1446 (d), Defendant has given written notice of the removal of the State Court Action to Plaintiff's counsel and will file a Notice of Filing of Notice of Removal with the State Court. A true and correct copy of the form of this notice is attached hereto as Exhibit 5.

## **MEMORANDUM OF LAW**

Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. §1332, as complete diversity exists between the parties and the amount in controversy exceeds the statutorily mandated threshold requirement of $75,000.00. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977) (holding that in a declaratory judgment action the amount in

controversy for purposes of diversity jurisdiction is measured by the value of the object of the litigation); *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 68 (2d Cir. 2012) (same).

Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §1441 (a) and (b). 28 U.S.C. §1441(a) states: "any civil action brought in a state court in which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A defendant seeking removal to federal court must demonstrate that the district court has original jurisdiction of the action pending in state court. *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)).

The burden is on the party requesting removal to federal court to show that it has met all of the applicable statutory requirements. *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden. *Willingham v. Morgan*, 395 U.S. 402, 408 n.3 (1969). In this Notice of Removal, Defendant has met his burden and have fully complied with the statutory requirements for removal of the case to federal court.

Diversity jurisdiction exists pursuant to 28 U.S.C. §1332, where there is complete diversity among the parties. *Strawbridge v. Curtis*, 7 U.S. 267 (1806). As indicated above, Plaintiff is a citizen of Delaware; whereas, Defendant is a citizen of New York. Therefore, this is an action between citizens of different states.

Removal of this action is not barred under 28 U.S.C. § 1441(b) because no defendant who is a citizen of New York has been properly joined and served with a complaint in this action. *See Gibbons v. Bristol-Myers Squibb Co.,* 919 F.3d 699, 704-7 (2d Cir. 2019). Indeed, no complaint has been filed against Defendant, let alone served. Rather, this action was commenced by a bare summons.

In conjunction with diversity of citizenship, this action is removable to federal court because the amount in controversy exceeds the statutorily mandated threshold requirement of $75,000.00. Plaintiff is seeking to retain the proceeds of a $5 million life insurance policy, and the general rule is that in a declaratory judgment action, the amount in controversy for purposes of diversity jurisdiction is determined by the value of the object of the litigation. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977); *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 68 (2d Cir. 2012).

Accordingly, Mr. Barotz has satisfied his burden for removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

Defendant's Removal Petition is filed herein within thirty days of his receipt of Plaintiff's Summons and prior to the receipt of any complaint in this action. Defendant is diverse from Plaintiff (a citizen of Delaware), and the amount in controversy is in excess of $75,000.00. In accordance with 28 U.S.C. §§1332, 1441, 1446 (b)(3), removal is timely and proper.

## **CONCLUSION**

This action is removable to federal court pursuant to 28 U.S.C. §1332 since there is diversity of citizenship between the parties and the amount in controversy exceeds the statutorily mandated threshold requirement of $75,000.00. Mr. Barotz's removal is timely filed pursuant to

28 U.S.C. §1446.  Mr. Barotz has met his jurisdictional burden, and the District Court has original jurisdiction of this action.

      WHEREFORE, Defendant/Petitioner, Peter Barotz, as Executor of the Estate of Martha Barotz, respectfully requests this action now pending against it in the Supreme Court of the State of New York, County of Westchester be removed to this Honorable Court, and that the Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

Date: March 27, 2020

Respectfully submitted,

_____
COZEN O'CONNOR
Matthew L. Elkin
45 Broadway, 16th Floor
New York, NY 10006
Tel. 212-453-3786

*Attorneys for Defendant, Peter Barotz, in his capacity as Executor of the Estate of Martha Barotz*

COZEN O'CONNOR
Gregory J. Star (*pro hac* motion to be filed)
Michael J. Miller (*pro hac* motion to be filed)
Joseph M. Kelleher (*pro hac* motion to be filed)
Benjamin I. Wilkoff (*pro hac* motion to be filed)
Isaac A. Binkovitz (NY Atty No. 5188552)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel. 215-665-5506

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2020, I caused a true and correct copy of the foregoing Notice of Removal to be filed and served on all counsel of record via the Electronic Court Filing system.

_____
Matthew L. Elkin