UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

MARTHA BAROTZ 2006-1 INSURANCE
TRUST,

    Plaintiff/Counterclaim Defendant,

v.

PETER BAROTZ, as Executor of the Estate
Of Martha Barotz,

    Defendant/Counterclaim Plaintiff.
---------------------------------------------------------
PETER BAROTZ, as Executor of the Estate
Of Martha Barotz,

    Third-Party Plaintiff,

v.

LIFE ACCUMULATION TRUST III, and
HELIX CAPITAL FUNDING, LLC,

    Third-Party Defendants.

---------------------------------------------------------

**MEMORANDUM OPINION AND ORDER**

20-CV-02605 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant Peter Barotz, as Executor of the Estate of Martha Barotz, removed this action from State Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 81(c). (Doc. 5). For the reasons set forth herein, the removal by Defendant is improper and the case is remanded to State Court.[1]

---

[1] "A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction." *El Bey v. Lopez*, 19 CV-9978 (LLS), 2020 WL 1330217, at *1 (S.D.N.Y. Mar. 20, 2020); 28 U.S.C. § 1447(c). The Second Circuit has held that the forum defendant rule against removal is "a procedural rule and…not jurisdictional." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307 (2d Cir. 2005). Since the removal petition was filed on April 2, 2020, the Court is well within the 30-day procedural defect time limitation.

1

**BACKGROUND**

On March 10, 2020, Plaintiff Martha Barotz 2006-1 Insurance Trust commenced this action in New York Supreme Court, Westchester County, against Defendant by filing with the New York State Supreme Court a Summons with Notice. (Doc. 5, "Notice of Removal" Ex. 1). On March 11, 2020, Plaintiff served Defendant with the Summons with Notice. *Id.* Ex. 2. On April 2, 2020, Defendant filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Fed. R. Civ. P. 81(c). *Id.* On April 3, 2020, Defendant filed an Answer and Affirmative Defenses to the Summons with Notice, and further filed a Counterclaim against the Plaintiff and Third-Party Complaint against Life Accumulation Trust III and Helix Capital Funding (collectively "Third-Party Defendants"). (Doc. 8).

**STANDARD OF REVIEW**

A district court in each case on its docket is obliged to determined that it has subject-matter jurisdiction and that cases removed to it are properly removed. Generally, any civil suit commenced in state court over which a district court would have had original jurisdiction "may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship. However, where the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, "the forum defendant rule applies." *Gibbons v. Bristol-Myers Squibb Co.* 919 F.3d 699, 704 (2d Cir. 2019) (quoting *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)). "Under that rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is

'otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought'" (hereinafter the "Forum Rule"). *Id.* at 704-5 (quoting 28 U.S.C. § 1441(b)(2)).

The burden is on the removing party to show that it has met all of the applicable statutory requirements for removal. *United Food Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)).

## **ANALYSIS**

Here, removal of this action was based on diversity jurisdiction, as the Plaintiff is a citizen of Delaware and Defendant is a citizen of New York, the State in which such action was brought. (Notice of Removal Exs. 1, 3). Defendant suggests, in its removal petition, that the Forum Rule is inapplicable as Defendant was only served a Summons with Notice and not a complaint—concluding that it was not "properly joined"; and further, that because a complaint was never served prior to the removal, the "served" portion of the "joined and served" language of Section 1441(b)(2) was not met—all making removal proper.

The first issue is whether in New York the filing of the Summons with Notice in lieu of a complaint is sufficient for the Defendant to be "properly joined" within the meaning of the Forum Rule. In New York, filing a Summons with Notice in lieu of a complaint commences an action. *See* CPLR § 304. Furthermore, it has been recognized in this District that the filing of a Summons with Notice, without a complaint, sufficiently constitutes that the Defendant was properly joined. *Veleron Holding, B.V. v. Stanley*, 14-

CV-7874 (CM), 2014 WL 6386733 (S.D.N.Y. Nov. 13, 2014) (granting plaintiff's motion to remand where the defendant sought removal four days after the plaintiff filed a Summons with Notice in lieu of a complaint). Here, Defendant was properly "joined" for purposes of the Forum Rule with receipt of a Summons with Notice prior to removal. Indeed, Defendant even filed an Answer to the Summons with Notice. (Notice of Removal Ex. 2).

Also at issue herein is whether Plaintiff's failure to serve Defendant with a complaint bars the applicability of the Forum Rule. The Court in *Gibbons* made clear that removal of an action prior to service of a complaint is proper and renders the Forum Rule inapplicable. *Gibbons*, 919 F.3d 699. However, in this case, before removal, the Defendant was served with a Summons with Notice in lieu of a complaint—making the Defendant properly "served" for purposes of the Forum Rule—rendering the prohibition in *Gibbons* inapplicable.

Therefore, since Defendant, a citizen of the State in which the action was brought, was properly joined and served prior to removal, the Court finds that the Forum Rule bars removal of this action.

## **CONCLUSION**

Based upon the foregoing, the Court remands this action pursuant to 28 U.S.C. § 1447(c) to the New York Supreme Court, Westchester County. The Clerk of the Court is directed to send a copy of this Order to that Court and to close this action. All pending matters are hereby terminated.

Dated: New York, New York
April 10, 2020

SO ORDERED:

_____
Philip M. Halpern
United States District Judge